Case 1:09-cv-00559-JFM   Document 67   Filed 11/14/13   Page 1 of 3

# In the United States Court of Federal Claims

No. 09-559 L

(Filed November 14, 2013)

| | |
|---|---|
| BENNY J. AND JUDY A. JANSSEN, Husband and Wife, DREYER PROPERTIES, LLC, et al., on their own behalf and on behalf of a class of others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## ORDER

On November 12, 2013, the parties appeared before the court for a hearing on the fairness of the proposed class settlement in this action. Pursuant to Court of Federal Claims Rule 23(e), class actions may be "settled, voluntarily dismissed, or compromised only with the court's approval." The court may only grant such approval upon a finding that the settlement is "fair, reasonable, and adequate." Rule 23(e)(2).

To determine whether a particular settlement meets the standard set forth in Rule 23, courts examine a number of non-exclusive factors, such as:

1. The relative strengths of plaintiffs' case compared to the proposed settlement;

2. The recommendation of class counsel, taking into account the adequacy of class counsels' representation;

3. The reaction of the class members to the proposed settlement, taking into account the adequacy of the notice to the class members of the settlement terms;

4. The fairness of the settlement to the entire class;

     5.     The fairness of the provision for attorneys' fees; and

     6.     The ability of the defendant to withstand greater judgment, taking into account whether the defendant is a governmental actor or private entity.

*Raulerson v. United States*, 108 Fed. Cl. 675, 677 (2013). The weight assigned to each factor is within the discretion of the court, though settlement is generally favored. *See id.*

     The class in this case initially consisted of 102 members, who owned 182 parcels of land. After an analysis of which property owners are entitled to recover, the class now consists of 76 members who own 126 parcels of land. In the proposed settlement, the government has agreed to make a cash payment of $1,997,969.19 to resolve all class members' claims. That amount consists of the following: (1) $1,329,058, the aggregate fair market value of the property allegedly taken; (2) $325,957.19 in prejudgment interest; (3) $320,634 in statutory fees; and (4) $22,320 in costs. After attorneys' fees and costs are subtracted,[1] a total of $1,429,494.18 will be distributed to the class members. *See* Doc. 64 (explaining proper method of calculating distribution). In exchange for this payment, the class members will dismiss their claims against the government, with prejudice.

     Here, the factors strongly militate in favor of approving the settlement. First, the class members will be compensated for the fair market value of their property, as determined by an appraiser approved by both parties. *See* Doc. 52 at 4; Doc. 55 at 6-10. Second, class counsel has worked diligently in identifying and researching class members' claims, and has recommended settlement. *See* Doc. 55 at 4-5 (describing extensive legal research and review of property records). Third, after receiving a notice that was previously approved by the court, *see* Doc. 53 at 2, no class members have contested the settlement arrangement. In fact, plaintiffs' counsel represented that, as of the time of the fairness hearing, all 76 class members have affirmatively expressed approval. Fourth, as noted above, the appraiser considered the characteristics of each parcel at issue in calculating the fair market value. Therefore, each class member will receive a settlement amount that is calculated based on the type of property he or she owns. *See* Doc. 55 at 6-10 (describing the method used by the appraiser to value the property at issue). Fifth, the court has previously ruled on the proper method of calculating attorneys'

---

[1] The costs are not included as part of the common fund, and therefore will not be distributed to the class members. *See* Doc. 55 at 16.

fees, and held that such fees are fair.  *See*  Doc. 64.  Sixth, and finally, although it may be argued that the United States could withstand a greater judgment, because the settlement is for the fair market value of the property, there is no creditable argument that it should do so in this case.

      For the foregoing reasons, the settlement in this case is **APPROVED**, and the parties are directed to distribute the appropriate funds to each class member.  Once the distribution is complete, plaintiffs' counsel is directed to file a notice of dismissal.  At such time, the court will enter an order dismissing the case with prejudice.

      **SO ORDERED.**

                                              s/ James F. Merow
                                              James F. Merow
                                              Senior Judge